782 F.2d 1042
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In Re: Lake Mohawk Estates, Inc., Debtor.
 85-5042
 United States Court of Appeals, Sixth Circuit.
 12/24/85
 
 On Appeal from the United States District Court for the Western District of Tennessee
 Before: ENGEL and KEITH, Circuit Judges; and UNTHANK, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff Winchester, Huggins, Charlton, Leake, Brown & Slater appeals the judgment of the United States District Court for the Western District of Tennessee sustaining the bankruptcy court's finding that no contract existed between it and Darlys Faye Steed.
 
 
 2
 In the spring of 1979, a representative of Winchester met with Frank Steed and Darlys Steed, who were divorced, and agreed to perform legal services in the Chapter 7 liquidation proceedings involving Lake Mohawk Estates. The parties did not reduce their agreement to writing. The sole issue in this case is whether Darlys Steed was a party to the oral contract for Winchester's legal services. Darlys Steed was the sole shareholder, and Frank Steed was a creditor of Lake Mohawk Estates. The bankruptcy court held that Frank Steed and Winchester were the sole parties to the contract and the district court affirmed, stating that, 'it is clear from the record that the decision was almost entirely dependent on the court's factual findings as to disputed evidence' and holding that the bankruptcy's court's findings were not clearly erroneous.
 
 
 3
 On appeal, Winchester contends that they were approached by and agreed to represent both Steeds, while Darlys Steed contends that Frank requested Winchester to 'file several lawsuits on Darlys Faye Steed's behalf in order to protect his interest in the Corporation' and that Winchester represented Lake Mohawk. Winchester appears to first argue that Darlys Steed accepted its offer of legal services by remaining silent when she had a duty to reject the offer and by failing to object to bills for services tendered by Winchester. Winchester also appears to argue that Frank Steed acted as an agent for Darlys Steed in contracting for legal services.
 
 
 4
 It is apparent to the court that the issues raised first in the bankruptcy court and later before the district court and on appeal were essentially factual in nature. Appellants have not seen fit to furnish the court with any transcript of the testimony, but their basic contention appears to be that the testimony of Frank Steed, sometime husband of defendant Darlys Faye Steed, was inherently unreliable and that on that basis they are entitled to a finding that a contract of employment existed between them and Darlys Steed. We are not shown how the fact-finding processes of the bankruptcy court, nor the review thereof by the district court, were in any way deficient or why the findings resulting from those proceedings should not be upheld at this level.
 
 
 5
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable G. Wix Unthank, United States District Court for the Eastern District of Kentucky, sitting by designation